**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

        Plaintiff,

**v.**                              **CRIMINAL CASE NO.: 3:12-CR-42
(JUDGE GROH)**

**RUSTY MARK EDWARDS,**

        Defendant.

<u>**ORDER DENYING DEFENDANT'S MOTION TO AMEND PRESENTENCE
INVESTIGATION REPORT AND ADVISE BUREAU OF PRISONS TO REFER
DEFENDANT TO RESIDENTIAL DRUG PROGRAM**</u>

Currently pending before the Court is the Defendant's motion requesting the Court to modify his presentence investigation report ("PSR") and advise the Bureau of Prisons ("BOP") to allow him to participate in the 500-Hour Residential Drug Abuse Treatment Program ("RDAP"). ECF 72. The Defendant asks the Court to add information concerning his substance abuse history to his PSR. He claims that he cannot participate in RDAP unless this amendment is made. The Defendant states, however, that he did not disclose this information to the Court or probation officer before his sentencing.

Previously, the Defendant pleaded guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On February 11, 2013, the Court sentenced him to sixty months of imprisonment and four years of supervised release. On January 16, 2014, the Defendant filed a motion requesting the same relief he now seeks. The Court denied his motion because he did not timely object to the PSR.

A defendant has fourteen days from the date he receives the PSR to object to it in writing. Fed. R. Crim. P. 32(f)(1). This includes "objections to material information . . . omitted from the report." Id. After that time, a court may allow new objections to the PSR "for good cause," but only until the court imposes a sentence. Fed. R. Crim. P. 32(i)(1)(D). Thus, objections to the PSR made after sentencing are untimely. See id.

Here, the Defendant received the PSR before his sentencing hearing. Only after his sentencing has the Defendant argued that the PSR should include the information at issue. Indeed, he admits that he did not apprise the probation officer or the Court of this information before sentencing. His request to amend the PSR therefore is far beyond the time period that he had to object to its content under Rule 32. Accordingly, as with the Defendant's prior motion, the Court **DENIES** the Defendant's motion to amend his PSR because it is untimely. See United States v. Jackson, Criminal Action No. 05-96, 2012 WL 396006, at *1 (E.D. La. Feb. 7, 2012) (denying motion that requested removal of information from PSR because it was filed after sentencing); see also United States v. Riley, Criminal Action No. 09-CR-0098(1) PJS, 2012 WL 787403, at *1-2 (D. Minn. Mar. 8, 2012) (denying motion requesting amendment of PSR to state that the defendant, who sought admission to RDAP, was an alcoholic because, among other things, the PSR accurately reflected the information given by the defendant at the time of sentencing). Further, the Court **DENIES** the motion for an order directing the BOP to admit the Defendant into RDAP because the Court lacks authority to issue such an order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record

and/or *pro se* parties.

**DATED:** September 17, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE